IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDREW JAMES GREEN,

   Plaintiff,

v.

NICOLA GERARDO CASCELLA, et al.,

   Defendants.

Civil Action No.: SAG-22-2822

**MEMORANDUM OPINION**

    Self-represented plaintiff Andrew James Green filed the above reference complaint against Nicola Gerardo Cascella and Geetha Jayaram, employees of Johns Hopkins Hospital in Baltimore, Maryland invoking this court's federal question jurisdiction. ECF 1. Green seeks leave to proceed in forma pauperis, which is granted. ECF 2. For the reasons that follow, however, the complaint must be dismissed.

    Green states that the basis for this court's jurisdiction is that he "was forced to do something against my own will." ECF 1 at 4. Attached to the Complaint is a "Notice of Intent to Discharge" discharging him from a psychiatric rehabilitation program for his failure to comply with the rules of the program. ECF 1-2 at 1-6. Green also attached a copy of an administrative law judge's decision dated August 21, 2019 involuntarily committing Green to Johns Hopkins Hospital for mental health care. *Id.* at 7. According to Green, Nicola Gerardo Cascella was the provider who admitted him to Johns Hopkins Hospital (ECF 1 at 2) and Geetha Jayaram, M.D. was the provider who discharged him from Johns Hopkins. ECF 1 at 3; ECF 1-2 at 8.

    Federal courts are courts of limited jurisdiction. *Home Buyers Warranty Corp. v. Hanna,* 750 F.3d 427, 432 (4th Cir. 2014) (quotation marks omitted) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)). Thus, a federal district court may only adjudicate a case if it possesses

the "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005) (internal quotation marks omitted). As the Fourth Circuit stated in *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008), if a party seeks to proceed in federal court, she "must allege and, when challenged, must demonstrate the federal court's [subject matter] jurisdiction over the matter." Indeed, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Hanna,* 750 F.3d at 432.

Put another way, "[a] court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole,* 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen,* 511 U.S. at 377). Even when no party challenges subject matter jurisdiction, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010).

Congress has conferred jurisdiction on the federal courts in several ways. To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. *Exxon Mobil Corp.,* 545 U.S. at 552; 28 U.S.C. § 1331. *See also* U.S. Constitution Art. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . ."). This is sometimes called federal question jurisdiction.

Under 28 U.S.C. § 1367(a), district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

In addition, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000. *Exxon Mobil Corp.,* 545 U.S. at 552; *see* 28 U.S.C. § 1332. However, it is crystal clear that diversity jurisdiction "requires

complete diversity among parties, meaning that the citizenship of *every* plaintiff must be different from the citizenship of *every* defendant." *Cent. W. Va. Energy Co., Inc. v. Mtn. State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011) (emphasis added); *see Strawbridge v. Curtiss,* 7 U.S. 267 (1806).

The citizenship of the litigants is central when diversity jurisdiction is invoked. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). Notably, "state citizenship for diversity jurisdiction depends not on residence, but on national citizenship and domicile." *Id*. (citation omitted). And, "the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." *Id*; *see also Robertson v. Cease*, 97 U.S. 646, 648 (1878) ("Citizenship and residence, as often declared by this court, are not synonymous terms."). In other words, for "purposes of diversity jurisdiction, residency is not sufficient to establish citizenship." *Johnson v. Advance Am., Cash Advance Ctrs. of S.C., Inc.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). Rather, a U.S. national is a citizen of the state where the person has his or her domicile, which "requires physical presence, coupled with an intent to make the State a home." *Id*.

The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz Corp.*, 599 U.S. at 95; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp*., 298 U.S. 178 (1936)).

The court has afforded the complaint liberal construction, because plaintiff is self- represented. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the alleged conduct does not amount to a federal claim. Defendants are not state actors but rather private physicians. At best the Complaint as to the named Defendants asserts claims of medical malpractice or negligence. Such claims arise under Maryland law and may not be brought in this court, based on federal question jurisdiction.

As noted, under 28 U.S.C. §1332(a), a federal district court also has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co., Inc.,* 636 F.3d at 103 (citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996)).

Both plaintiff and defendants appear to be citizens of Maryland. And, the conduct giving rise to the Complaint occurred in Maryland. Thus, diversity jurisdiction does not exist.

A separate Order follows.

January 9, 2023  
Date

/s/  
Stephanie A. Gallagher  
United States District Judge